

**Bell Law Group, PLLC**

116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

**Partners:**
Jonathan Bell
Nathalie Bell
Susan Tylar
Andrea Batres
Paul Bartels
Chaya Gourarie
Kyle Pulis
Adam Grogan

Wednesday, April 30, 2025

<u>VIA ECF</u>

Hon. Cathy L. Waldor
United States District Magistrate Judge
U.S. District Court for the District of New Jersey
Martin Luther King Jr. U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re: Nanofire LLC. v. Halma PLC et. al.
        Case Number: 2:23-cv-03562-BRM-CLW

Your Honor:

We are *Pro Hac Vice* counsel and together with Michael Cohen, Esq. of Winne Banta Basralian and Kahn we represent Plaintiff Nanofire LLC ("Plaintiff") in the above-mentioned matter.

Per your Honor's April 1, 2025, Order (ECF # 67), we annex hereto, as **Exhibit 1,** a true and accurate copy of the Parties' Proposed Pretrial Scheduling Order, tentatively agreed to at their April 15, 2025, meeting. The Parties' Proposed Pretrial Scheduling Order is the second in this matter.

We note that the Parties generally agree with the proposed schedule, with one exception. As Defendant Hochiki, by and through its counsel Sarika Singh, informed us via email on Saturday, April 26, 2025:

> Hochiki generally agrees with the proposed schedule but does not agree with the proposed schedule to the extent that it provisions for:

5 Penn Plaza, 23rd Floor
New York, NY 10001

900 South Avenue
Staten Island, NY 10314

1629 K Street, NW, Suite 300
Washington, DC 20006

> 1. The Plaintiff shall disclose all asserted patent claims and serve its infringement contentions on the Defendants no later than May 30, 2025.
>
> We [They] see that as an indirect way to revise Plaintiffs infringement contentions, which requires leave of Court and a showing of good cause. We plan to oppose the Plaintiffs, if they seek leave of Court to amend infringement contentions.

Hochiki's argument is specious, a deliberate attempt at sharp litigation practices, and clearly violates the Fed. R. Civ. P. 1 mandates that the Rules of Civ. Procedure "should be construed, administered and employed by . . . the parties to secure the just, speedy and inexpensive determination of every action."

The Parties' second Proposed Scheduling Order (Ex. 1) **does not seek to revise** Plaintiff's infringement contentions, simply because, aside from what Plaintiff has asserted in its Complaint, Plaintiff has made no other infringement contentions. On January 25, 2024, the Court issued a first Pretrial Scheduling Order (ECF No. 34). Neither Plaintiff nor Defendants have complied with the mandates of such Order. Plaintiff has not disclosed all asserted patent claims and has not served its infringement contentions on the Defendants. Likewise, none of the Defendants have served Plaintiff with their responses to Plaintiff's infringement contentions, non-infringement contentions, and invalidity contentions. Neither Party attempted to enforce the dates of the first Pretrial Scheduling Order. Instead, on March 27, 2024, the Parties filed an Unopposed Motion for Mandatory Stay of Proceedings pursuant to 28 U.S.C. Section 1659 (ECF No. 42), which the Court subsequently granted on March 28, 2024 (ECF No. 44).

Defendants Halma Plc, Halma Holdings Inc., and Firepro Systems Ltd have not joined with Hochiki America Corporation's position as set forth above. None of the Defendants have provided any evidence that would contradict the foregoing. The Parties' second Proposed Scheduling Order will allow them to move quickly through the various stages and prepare effectively for the upcoming mediation with the Court. In contrast, Hochiki's argument will not only prevent the Parties' preparation for meaningful mediation but will necessitate additional motion practice, thereby delaying matters even further.

The Court's March 28, 2024, Stay (ECF No. 44) not only halted all proceedings but effectively reset the clock for all events in the matter. Hochiki's own failure to comply with and enforce the terms of the first Proposed Scheduling Order estops Hochiki from opposing the new date by which Plaintiff shall disclose all asserted patent claims and serve its infringement contentions on the Defendants, i.e., May 30, 2025. Such estoppel and clock resetting allow the Parties to start anew and obviate the need to seek leave of Court for good cause, to submit Plaintiffs' infringement contentions by May 30, 2025 (see Ex. 1 annexed hereto).

Alternatively, we respectfully submit that all of the foregoing in combination with the withdrawal of our predecessor counsel, and our most recent appointment as counsel for the Plaintiff are sufficient good cause to allow for the resetting of all dates as proposed in and contemplated by the Parties' second Proposed Pretrial Scheduling Order (Ex. 1 to this Letter).

Finally, should the Court decide to consider the present Letter as Plaintiff's Motion for leave of Court to amend infringement contentions, we only ask for permission to formally renew the Motion with a memorandum of law supported with the necessary evidence, before Hochiki America Corporation is permitted to oppose.

We appreciate the Court's patience, courtesies, and understanding.

                                Respectfully Submitted,

                                *Panagiota Betty Tufariello*
                                (Digitally signed 2025.04.30 14:48:12 -04'00')

                                Panagiota Betty Tufariello
                                *Of counsel*
                                Pro Hac Vice on behalf of
                                Plaintiff Nanofire LLC.

PBT: pbt