# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANO FIRE LLC,<br><br>    Plaintiff,<br>v.<br><br>HALMA PLC, HALMA HOLDINGS INC., FIREPRO SYSTEMS LTD. and HOCHIKI AMERICA CORPORATION,<br><br>    Defendants. | Case No.: 2:23-cv-03562-BRM- CLW<br><br>**SCHEDULING ORDER [PROPOSED]** |

**PRETRIAL SCHEDULING ORDER (PROPOSED)**

On April 1, 2025, the Honorable Magistrate Judge Waldor issued a Letter Order (the "Order") (ECF. No. 67): (a) directing the Clerk of the Court to re-open the present matter, and (b) ordering the Parties to meet, confer, and submit a revised scheduling order on or before April 30, 2025.

Accordingly, the Parties, by and through their attorneys, hereby submit that on April 15, 2025, counsel for the Parties conferred telephonically and discussed (1) the nature and basis of their respective claims and defenses and the possibilities for promptly settling or resolving the case; (2) the timing of initial disclosures required by Rule 26(a)(l); (3) preservation of discoverable information; and (4) a proposed discovery plan. The Parties' joint proposed discovery plan is set forth below:

## I.   PATENT RELATED TASKS

1. The Plaintiff shall disclose all asserted patent claims and serve its infringement contentions on the Defendants no later than **May 30, 2025**.

2. The Defendants shall serve their responses to Plaintiff's infringement contentions, non-infringement contentions, and invalidity contentions on the plaintiff no later than **July 14, 2025**.

3. The plaintiff shall serve its responses to defendants' non-infringement and invalidity contentions on the defendants no later than **July 28, 2025**.

4. The parties shall exchange proposed terms for construction no later than **August 11, 2025**.

5. The parties shall exchange preliminary claim constructions for each proposed term and supporting evidence no later than **September 5, 2025,** pursuant to L. Pat. R. 4.2(b).

6. The parties shall identify all intrinsic and extrinsic evidence referred to in L. Pat. R. 4.2(c) that they will use to oppose the other parties' proposed claim constructions no later than **September 19, 2025**.

7. The parties shall submit a joint claim construction chart and prehearing statement to the Court no later than **October 3, 2025**.

8. Claim construction discovery shall be completed no later than **October 31, 2025**.

9. The parties shall submit to the Court, and serve on the opposing parties, opening claim construction briefs no later than **December 1, 2025**.

10. Claim construction expert discovery shall be completed no later than **December 29, 2025**.

11. The parties shall submit to the Court, and serve on the opposing parties, responsive claim construction briefs no later than **January 26, 2026**.

12. The parties shall meet and confer and submit a joint letter to the Court that sets forth the information proposed by L. Pat. R. 4.6, including the estimated length of the claim

construction hearing and the names of the witnesses, if any, no later than **February 23, 2026**.

## II. COURT DATES

13. Either sua sponte or at the request of a party, the Court may conduct status conferences as are consistent with the circumstances of this matter and L.Civ.R. 16.1 and may revise any prior scheduling order for good cause.

14. The Court may, at any time it deems appropriate or at the request of a party, conduct a settlement conference. At each such conference, attorneys shall ensure that parties are available, either in person or by telephone, and as the Court directs.

15. If trial counsel and a client representative with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled, and the noncompliant party(ies) or attorney(s) may be assessed the costs and expenses incurred by the party(ies) who appeared as directed.

## III. DISCOVERY AND MOTION PRACTICE

16. The parties shall exchange Fed. R. Civ. P. 26(a)(i) initial disclosures no later than **May 15, 2025**.

17. The parties shall submit a L. Pat. R. 2.2 proposed discovery confidentiality order and certification to the Court no later than **May 15, 2025**.

18. The parties shall complete fact discovery no later than **90 days after the Court enters a Claim Construction Order**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

19. The parties may serve no more than, and are limited to, 25 single-question interrogatories, including all discrete subparts. All interrogatories must be served, and responded to, on or before the close of fact discovery set in **Paragraph 18**.

20. The parties may take only 10 depositions per side. Each deponent will only appear once for eight hours of deposition running time. The only objections to questions that are permitted in a deposition in this matter are lack of foundation, form, or privilege. All depositions shall be completed on or before the close of fact discovery set in **Paragraph 18**.

21. Counsel shall confer in good faith to resolve any discovery disputes before seeking the Court's intervention. Should such good faith attempt at resolution fail, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response is insufficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of the Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

22. No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of the Court.

### IV.  EXPERTS

23. Opening expert reports shall be submitted to the Court, and served on the opposing parties, no later than **120 days after the Court enters a Claim Construction Order**.

24. Rebuttal expert reports shall be submitted to the Court, and served on the opposing parties, **30 days after the parties submit to the Court, and serve on the opposing parties, their opening expert reports**.

25. All expert reports shall be in the form, and contain the content, required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

26. All expert depositions shall be completed no later than **45 days after the parties submit to the Court, and serve on the opposing parties, their rebuttal expert reports**.

## V.   FINAL PRETRIAL CONFERENCE

27. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) at a date to be set by the Court. The final pretrial conference will occur even if there are dispositive motions pending. The Court will adjourn the final pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

28. No later than **21 days before the final pretrial conference**, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

29. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Accordingly, trial counsel with full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## VI.   MISCELLANEOUS

30. A copy of every pleading, document, or written communication with the Court shall be served on all parties to the action via email or ECF. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

31. Absent permission from Chambers, communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

32. A comprehensive table containing all the above-mentioned dates is attached to the end of this Order.

FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.

So ORDERED and SIGNED this ____ day of _____, 2025.