IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NANO FIRE LLC,<br><br>        Plaintiff,<br>v.<br><br>HALMA PLC, HALMA HOLDINGS INC., FIREPRO SYSTEMS LTD. and HOCHIKI AMERICA CORPORATION,<br><br>        Defendants. | Case No.: 2:23-cv-03562-BRM- CLW<br><br>**AMENDED SCHEDULING ORDER** |

**PRETRIAL SCHEDULING ORDER (SECOND)**

Per the Honorable Mag. J. Waldor's June 25, 2025 Order, (E.C.F. No. 80), the Parties by and through their attorneys, hereby submit their proposed PRETRIAL SCHEDULING ORDER (SECOND) as set forth below:

## I. PATENT RELATED TASKS

1. The Plaintiff shall serve upon the Defendants its AMENDED Disclosure of Asserted Claims and Infringement Contentions, together with supporting documentation under L. Patent R. 3.2, no later than **July 30, 2025**.

2. The Defendants shall serve upon Plaintiff their L. Patent R. 3.2A "Non-Infringement Contentions and Responses," together with supporting documentation, no later than **Monday, October 6, 2025**.

3. The Defendants shall serve upon Plaintiff their L. Patent R. 3.3 "Invalidity Contentions," together with supporting documentation, under L. Patent R. 3.4, no later than **Monday, October 6, 2025**.

4. The Plaintiff shall serve upon Defendants its L. Patent R. 3.4A, Responses to Invalidity Contentions, no later than **Monday October 20, 2025**.

5. Per L. Patent R. 4.1(a), the parties shall serve upon each other, a list of claim terms which the parties contend should be construed by the Court and identify any claim term which they contend should be governed by 35 U.S.C. § 112(6), by no later than **Monday, November 3, 2025**.

6. Per L. Patent R. 4.1(b), the parties shall meet and confer regarding the limitation of the terms in dispute for the purpose of facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement, by no later than **Monday, November 10, 2025**.

7. Per L. Patent R. 4.2, the parties shall "Exchange Preliminary Claim Constructions and Extrinsic Evidence" no later than **Monday, November 24, 2025**.

8. Per L. Pat. R. 4.2(c), the parties shall identify all intrinsic and extrinsic evidence that they intend to rely upon to oppose the other parties' proposed claim constructions no later than **Monday, December 8, 2025**. Thereafter, the parties shall meet and confer to narrow the issues and finalize the preparation of a Joint Claim Construction and Pre-Hearing Statement by no later than **Monday, December 15, 2025**.

9. Per L. Pat. R. 4.3, the parties shall submit a Joint Claim Construction and Prehearing Statement no later than **Wednesday December 24, 2025**.

10. Per L. Pat. R. 4.4, all claim construction discovery shall be completed no later than **Monday, January 26, 2026**.

11. Per L. Pat. R. 4.5 (a), the parties shall file with the Court, and serve on the opposing parties, Opening Markman briefs and opening Markman Submissions no later than **Monday, February 9, 2026**.

12. Per L. Pat. R. 4.5(b) claim construction expert discovery shall be completed no later than **Wednesday, March 11, 2026.**

13. Per L. Pat. R. 4.5(c), the parties shall file with the Court and serve on the opposing parties, responsive Markman briefs and accompanying evidence no later than **Friday April 10, 2026**.

14. Per L. Pat. R. 4.6, the parties shall meet and confer and submit a joint letter to the Court setting forth a schedule for a Claim Construction Hearing by **Friday, April 24, 2026**.

## II.   COURT DATES

15. Either sua sponte or at the request of a party, the Court may conduct status conferences as are consistent with the circumstances of this matter and L. Civ. R. 16.1 and may revise any prior scheduling order for good cause.

16. The Court may conduct a settlement conference at any time it deems appropriate or at the request of a party. At each such conference, attorneys shall ensure that parties are available, either in person or by telephone, as the Court directs.

17. If trial counsel and a client representative with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled, and the noncompliant party(s) or attorney(s) may be assessed the costs and expenses incurred by the party(s) who appeared as directed.

## III.   DISCOVERY AND MOTION PRACTICE

18. Defendants will respond to Plaintiff's February 22, 2024, Discovery Requests no later than **30 days after the Court enters the present Scheduling Order, or or before 8/4/25**.

19. The parties shall complete fact discovery no later than **90 days after the Court enters a Claim Construction Order**. No fact discovery is to be issued or engaged in beyond that date, except as provided herein, or upon application and for good cause shown.

20. The parties may serve no more than, and are limited to, 25 single-question interrogatories, including all discrete subparts. All interrogatories must be served and responded to on or before the close of fact-discovery set in **Paragraph 19**.

21. The parties may take only 10 depositions per side. Each deponent will only appear once for eight hours of deposition running time. The only objections to questions that are permitted in a deposition in this matter are lack of foundation, form, or privilege. All depositions shall be completed on or before the close of fact discovery set in **Paragraph 19**.

22. Counsel shall confer in good faith to resolve any discovery disputes before seeking the Court's intervention. Should such good faith attempt at resolution fail, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response is insufficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of the Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

23. No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of the Court.

## IV. EXPERTS

24. Opening expert reports shall be submitted to the Court, and served on the opposing parties, no later than **120 days after the Court enters a Claim Construction Order**.

25. Rebuttal expert reports shall be submitted to the Court, and served on the opposing parties, **30 days after the parties submit to the Court, and serve on the opposing parties, their opening expert reports**.

26. All expert reports shall be in the form, and contain the content, required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

27. All expert depositions shall be completed no later than **45 days after the parties submit to the Court and serve their rebuttal expert reports on the opposing parties**.

## V. FINAL PRETRIAL CONFERENCE

28. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on a date to be set by the Court. The final pretrial conference will occur even if there are dispositive motions pending. The Court will adjourn the final pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result in absent adjournment.

29. The parties shall exchange copies of all proposed trial exhibits no later than 21 days before the final pretrial conference. Each exhibit shall be pre-marked with an exhibit number conforming to the party's Exhibit list.

30. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Accordingly, trial counsel with full settlement authority must attend the

conference, and clients or other persons with full settlement authority must be available by telephone.

## VI. MISCELLANEOUS

31. A copy of every pleading, document, or written communication with the Court shall be served on all parties to the action via email or ECF. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

32. Absent permission from Chambers, communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing, via ECF or by telephone conference.

33. A comprehensive table containing all the above-mentioned dates certain, is attached to the end of this Order.

FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.

So ORDERED and SIGNED this 3rd day of July, 2025.

*s/ Cathy L. Waldor*
**HON. CATHY L. WALDOR**
**UNITED STATES MAGISTRATE JUDGE**

**SCHEDULE DATES**

| Date | Description |
|---|---|
| July 30, 2025 | Plaintiff to serve AMENDED Disclosure of Asserted Claims and Infringement Contentions under L. Patent R. 3.2 |
| October 6, 2025 | Defendants to serve Non-Infringement Contentions and Responses under L. Patent R. 3.2A; Invalidity Contentions and documentation under L. Patent R. 3.3, 3.4 |
| October 20, 2025 | Plaintiff to serve Responses to Invalidity Contentions under L. Patent R. 3.4A |
| November 3, 2025 | Parties to serve list of claim terms under L. Patent R. 4.1(a) |
| November 10, 2025 | Parties to meet and confer for the purposes of limiting the terms in Dispute under L. Patent R. 4.1(b) |
| November 24, 2025 | Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence under L. Patent R. 4.2 |
| December 8, 2025 | Parties to identify all intrinsic and extrinsic evidence that they intend to rely upon to oppose the other parties' proposed claim constructions under L. Pat. R. 4.2(c) |
| December 15, 2025 | Parties to parties shall meet and confer to narrow the issues and finalize the preparation of a Joint Claim Construction and Pre-Hearing Statement under |
| December 24, 2025 | Parties to submit a Joint Claim Construction and Prehearing Statement under L. Pat. R. 4.3 |
| January 26, 2026 | All claim construction discovery to be completed under L. Pat. R. 4.4 |
| February 9, 2026 | Parties to file with the Court and serve Opening Markman briefs and opening Markman Submissions under L. Pat. R. 4.5 (a) |
| March 11, 2026 | Claim construction expert discovery shall be completed under L. Pat. R. 4.5(b) |
| April 10, 2026 | Parties to file with the Court and serve responsive Markman briefs and accompanying evidence under L. Pat. R. 4.5(c) |
| April 24, 2026 | Parties to meet and confer and submit a joint letter to the Court setting forth a schedule for a Claim Construction Hearing under L. Pat. R. 4.6 |