

**Bell Law Group, PLLC**

116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

**Partners:**
Jonathan Bell
Nathalie Bell
Susan Tylar
Andrea Batres
Paul Bartels
Chaya Gourarie
Kyle Pulis
Adam Grogan

Monday, July 28, 2025

<u>VIA ECF</u>

Hon. Cathy L. Waldor
United States District Magistrate Judge
U.S. District Court for the District of New Jersey
Martin Luther King Jr. U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re  Nano Fire LLC. v. Halma PLC et. al.
        Case Number: 2:23-cv-03562-BRM-CLW

Dear Judge Waldor:

  We represent Plaintiff Nano Fire LLC ("Plaintiff") in the above-mentioned matter.

  For the reasons set forth below, and with all the Defendants' consent, we respectfully move this Court for an Order extending by three weeks, all dates outlined in the Parties' Pretrial Scheduling Order (Second) (the "<u>old dates</u>"), entered by the Court on July 3, 2025 (E.C.F. No. 82). This is Nano Fire's first request for an extension of time.

  The old dates are as follows:

**OLD SCHEDULE DATES**

| Date | Description |
| --- | --- |
| July 30, 2025 | Plaintiff to serve AMENDED Disclosure of Asserted Claims and Infringement Contentions under L. Patent R. 3.2 |
| August 4, 2025 | Defendants to serve Responses to Plaintiff's February 22, 2024, Discovery Requests |
| October 6, 2025 | Defendants to serve Non-Infringement Contentions and Responses under L. Patent R. 3.2A ; Invalidity Contentions and documentation under L. Patent R. 3.3, 3.4 |

5 Penn Plaza, 23rd Floor
New York, NY  10001

900 South Avenue
Staten Island, NY  10314

1629 K Street, NW, Suite 300
Washington, DC  20006

| | |
|---|---|
| October 20, 2025 | Plaintiff to serve Responses to Invalidity Contentions under L. Patent R. 3.4A |
| November 3, 2025 | Parties to serve list of claim terms under L. Patent R. 4.1(a) |
| November 10, 2025 | Parties to meet and confer for the purposes of limiting the terms in Dispute under L. Patent R. 4.1(b) |
| November 24, 2025 | Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence under L. Patent R. 4.2 |
| December 8, 2025 | Parties to identify all intrinsic and extrinsic evidence that they intend to rely upon to oppose the other parties' proposed claim constructions under L. Pat. R. 4.2(c) |
| December 15, 2025 | Parties to parties shall meet and confer to narrow the issues and finalize the preparation of a Joint Claim Construction and Pre-Hearing Statement under |
| December 24, 2025 | Parties to submit a Joint Claim Construction and Prehearing Statement under L. Pat. R. 4.3 |
| January 26, 2026 | All claim construction discovery to be completed under L. Pat. R. 4.4 |
| February 9, 2026 | Parties to file with the Court and serve Opening Markman briefs and opening Markman Submissions under L. Pat. R. 4.5 (a) |
| March 11, 2026 | Claim construction expert discovery shall be completed under L. Pat. R. 4.5(b) |
| April 10, 2026 | Parties to file with the Court and serve responsive Markman briefs and accompanying evidence under L. Pat. R. 4.5(c) |
| April 24, 2026 | Parties to meet and confer and submit a joint letter to the Court setting forth a schedule for a Claim Construction Hearing under L. Pat. R. 4.6 |

Nano Fire's requested extension of 3 weeks, with the Court's approval, will modify the old dates as follows:

**NEW SCHEDULE DATES**

| Date | Description |
|---|---|
| August 20, 2025 | Plaintiff to serve AMENDED Disclosure of Asserted Claims and Infringement Contentions under L. Patent R. 3.2 |
| August 25, 2025 | Defendants to serve Responses to Plaintiff's February 22, 2024, Discovery Requests |
| October 27, 2025 | Defendants to serve Non-Infringement Contentions and Responses under L. Patent R. 3.2A ; Invalidity Contentions and documentation under L. Patent R. 3.3, 3.4 |
| November 10, 2025 | Plaintiff to serve Responses to Invalidity Contentions under L. Patent R. 3.4A |
| November 24, 2025 | Parties to serve list of claim terms under L. Patent R. 4.1(a) |
| December 1, 2025 | Parties to meet and confer for the purposes of limiting the terms in Dispute under L. Patent R. 4.1(b) |

| | |
|---|---|
| December 15, 2025 | Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence under L. Patent R. 4.2 |
| December 29, 2025 | Parties to identify all intrinsic and extrinsic evidence that they intend to rely upon to oppose the other parties' proposed claim constructions under L. Pat. R. 4.2(c) |
| January 05, 2026 | Parties to parties shall meet and confer to narrow the issues and finalize the preparation of a Joint Claim Construction and Pre-Hearing Statement under |
| January 14, 2026 | Parties to submit a Joint Claim Construction and Prehearing Statement under L. Pat. R. 4.3 |
| February 16, 2026 | All claim construction discovery to be completed under L. Pat. R. 4.4 |
| March 2, 2026 | Parties to file with the Court and serve Opening Markman briefs and opening Markman Submissions under L. Pat. R. 4.5 (a) |
| April 1, 2026 | Claim construction expert discovery shall be completed under L. Pat. R. 4.5(b) |
| May 1, 2026 | Parties to file with the Court and serve responsive Markman briefs and accompanying evidence under L. Pat. R. 4.5(c) |
| May 15, 2026 | Parties to meet and confer and submit a joint letter to the Court setting forth a schedule for a Claim Construction Hearing under L. Pat. R. 4.6 |

REASONS FOR THE REQUESTED EXTENSION

As we informed defense counsel on July 25, 2025, the testing of the allegedly infringing FirePro Specimens is in progress with Anderson Materials Evaluation, Inc. Unfortunately, our efforts to have the specimens tested at Stony Brook University fell through, and we had to pivot.

The lead scientist on the testing at Anderson Materials Evaluation Inc. is Dr. Charles Anderson. He will also be one of our expert witnesses. We will provide defense counsel with the documents required by the Federal Rules when we file our amended patent contentions.

Dr. Anderson has informed us that he will not be able to complete the testing in time to meet Nano Fire's L. Patent R. 3.2 deadline of July 30, 2025. He will need two additional weeks after that to complete the task because he is testing for all claims of two patents - not one. The proposed stipulated new schedule above provides for the extra time Dr. Anderson needs to complete his testing and allows one week after Dr. Anderson completes his testing, for us to review the test results and complete and file Nano Fire's amendments to its patent contentions.

For the foregoing reasons, we respectfully submit that good cause exists to modify the Old Dates in the manner suggested above, and such is respectfully requested.

We appreciate the Court's patience, courtesies, and understanding.

Respectfully Submitted,

*s/ Panagiota Betty Tufariello*
Panagiota Betty Tufariello
(admitted *pro hac vice*)

-- and --

**WINNE BANTA
BASRALIAN & KAHN, P.C.**

*s/ Michael J. Cohen*
Michael J. Cohen
(*local counsel*)

PBT: dt

**SO ORDERED:**

*s/ Cathy L. Waldor*
**HON. CATHY L. WALDOR
UNITED STATES MAGISTRATE JUDGE**

**Dated: 7/29/25**